**POLSINELLI LLP**
Todd M. Malynn (CA Bar No.181595)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   310.556.1801
Facsimile:    310.556.1802
Email:         tmalynn@polsinelli.com

KEITH J. GRADY (pro hac to be filed)
kgrady@polsinelli.com
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone:   (314) 889-8000
Facsimile:    (314) 231-1776 Fax

*Attorneys for Plaintiff*
Antsy Labs, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antsy Labs, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Stress Cube, LLC, William Gasner, and Mitchell Sorkin,<br><br>　　　　　　　　　　Defendants. | **Case No.** 17-9146<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL UNFAIR COMPETITION; AND**<br><br>**2. STATE UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Antsy Labs, LLC ("Antsy Labs"), by and through their attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for trade dress infringement with a substantial and related claim for unfair competition. These claims arise under the Acts of Congress relating to trademarks, 15 U.S.C. § 1051 et seq. (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121.

2. This Court has personal jurisdiction over the Defendants and venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d). Plaintiff is informed and believes, and on that basis alleges, that Defendants have conducted and continue to conduct business in this Judicial District and have engaged in the complained of activities in this Judicial District.

## THE PARTIES

3. Plaintiff Antsy Labs, LLC is a Colorado Corporation with a principal place of business at 3078 Meadowbrook Place, Dacono, CO 80514, United States. Antsy Labs was incorporated in June 2015.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Stress Cube, LLC ("Stress Cube") is a limited liability company registered in the state of Delaware with a principal place of business located at 140 Linden Avenue, Suite #281, Long Beach, CA 90802. Stress Cube maintains a series of websites including www.stresscube.com, www.spinnercube.com, and https://www.kickstarter.com/projects/190433449/spinner-cube-a-revolution-in-fidgeting

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant William Gasner is a California resident with a current place of residence located at 134 1/2 S Mountain View Ave # AS, Los Angeles, CA 90057-2371.

6. Plaintiff is informed and believes, and on that basis allege, that Defendant Mitchell Sorkin is a California resident with a principal place of residence located at 520 East Broadway Suite 281, Long Beach, CA, 90802.

7. Plaintiff is informed and believes, and on that basis alleges, that each of these Defendants has ongoing and systematic contacts with this Judicial District, and has placed the products accused of infringement herein into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

8. Plaintiff is informed and believes, and on that basis alleges, that these Defendants act individually and in concert to direct the Stress Cube and Spinner Cube at issue in this lawsuit to this Judicial District. Defendants occupy business locations within this Judicial District for the purpose of selling the products at issue in this lawsuit within this Judicial District and transporting said products from this Judicial District to other locations within the United States. Thus, upon information and belief, this Judicial District is a hub from which Defendants effectuate the importation, purchase, use, marketing, sale and/or offer for sale of the infringing Stress Cube and Spinner Cube identified herein.

**FACTUAL BACKGROUND**

9. The toy market is cluttered with various products vying for mass market appeal among the nation's consumers. In the past year, fidget spinners and other fidget toys have been among the most popular toys in the United States. Upon information and belief, as of 2017, it is estimated that over 200 million fidget spinners and fidget toys have shipped to the United States and sales of the product have generated over $500,000,000.

10. Through incredible foresight and ingenuity, Antsy Labs's founders invested significant time and money towards the design and development of a novel fidget toy that is presently embodied in the commonly known Fidget Cube toy.

11. On August 30, 2016, Antsy Labs launched a campaign on the crowd funding website kickstarter.com to procure funding for the commercial launch of the Fidget Cube toy. The kickstarter campaign was a resounding success, as it raised over $6,000,000 dollars during the course of the funding campaign.

12. As a result, Antsy Labs has been recognized as the sole creator and originator of the Fidget Cube toys. Antsy Labs's products are specifically designed

1 to provide a unique and distinctive appearance that visually distinguishes toys from those of competitors.

13. Antsy Labs has a protectable trade dress in the overall appearance of its Fidget Cube, which was first introduced in 2016 under the Antsy Labs brand. The Fidget Cube is a premium desk toy for anyone who likes to fidget. It has six sides with a unique design on each face.

14. The Fidget Cube Trade Dress is the overall visual appearance and impression conveyed by the Fidget Cube design.

15. The Fidget Cube Trade Dress is arbitrary and inherently distinctive. The overall design of the Fidget Cube is ornamental and non-functional, for example, as demonstrated by the number of non-infringing, competing alternative fidget toys sold by third-party toy manufacturers and retailers in the U.S. market as well as the global market.

16. A picture of the Fidget Cube is shown below. As can be seen below, the Fidget Cube Trade Dress is characterized by the unique layout of the buttons, bearings, surfaces, and switches on the respective faces of the cube.



17. The Fidget Cube Trade Dress is aesthetically pleasing and, with its unique appearance and significant sales volume, has acquired secondary meaning such that it has become associated with the Antsy Labs brand.

18. The Fidget Cube Trade Dress is ornamental and not functional for several reasons. First, the trade dress is not essential to the use or purpose of the article and does not affect its cost or quality and is thus non-functional. Many factors other than functionality went into the choice of the design. Second, Antsy

1  Labs's exclusive use of the design does not put competitors at a significant non-
2  reputation-related disadvantage. Thus, trade dress protection for the Fidget Cube
3  leaves a variety of comparable alternative features that competitors may use to
4  compete in the market.

5      19.    Antsy Labs has always been the original source for the Fidget Cube
6  toys. Antsy Labs has built up valuable recognition and goodwill in its distinctive
7  Fidget Cube Trade Dress. Antsy Labs has expended, and continues to expend,
8  substantial time, effort, money, and other resources to develop and maintain the
9  valuable goodwill that has come to be associated with the Fidget Cube Toys
10 incorporating the unique and recognizable Fidget Cube Trade Dress.

11     20.    Antsy Labs has continuously and extensively advertised, marketed
12 and promoted the Fidget Cube Toys in the United States, including advertising
13 directed to the distinctive, non-functional aspects of the appearance of the Fidget
14 Cube Toys.

15     21.    As a result of Plaintiff's efforts, the Fidget Cube Trade Dress has
16 acquired secondary meaning and distinctiveness among consumers and members
17 of the industry, and it continues to have secondary meaning and distinctiveness.
18 The Fidget Cube Toys, which prominently display the Fidget Cube Trade Dress,
19 are now widely known and recognized by their unique, ornamental and distinctive
20 appearance, which identifies to consumers and members of the industry that their
21 source of origin is Antsy Labs. The Fidget Cube Trade Dress has come to be, and
22 now is, well and favorably known to the public, particularly to consumers, as being
23 associated with Plaintiff's high-quality toys.

24     22.    Based on the foregoing, the Fidget Cube Trade Dress has become and
25 now is a designation of origin of Antsy Labs and a trademark owned by Antsy
26 Labs.

27

28

23. Seeking to profit on the ingenuity of others, Defendants have admittedly adopted the unfair and anticompetitive behavior of stealing popular designs from various crowd funding websites and locating third-party manufacturers to produce cheap counterfeit versions of the original product. *See* https://www.cnbc.com/2017/01/30/a-24-year-old-made-345000-by-beating-kickstarters-to-market.html.

24. Upon information and belief, on January 30, 2017, Stress Cube LLC and its owners admitted to copying the Fidget Cube Trade Dress and hiring third-party manufacturers to produce cheap and counterfeit versions of the Fidget Cube and to market the counterfeit items to United States customers under the trade name Stress Cube. *Id.* Additionally, Stress Cube LLC further admitted to making at least $350,000 in profits through improper sales of the counterfeit Stress Cube Product.

25. The Stress Cube is a direct copy of the Fidget Cube Toy as evidenced by a side-by-side comparison of the products:



Infringing Stress Cube      Original Fidget Cube

26. As a result of Defendants' infringing conduct, actual incidents of confusion have occurred on multiple occasions, with consumers contacting Antsy Labs about damaged products, missed shipments, and other complaints.

27. Additionally, the aforesaid acts by Defendants are causing and are likely to continue causing the purchasing public to believe that Defendants are Antsy Labs or are somehow connected or affiliated with Antsy Labs, or that

Defendants' products are authorized, sponsored or approved by Antsy Labs such that Defendants' services are subject to the same high quality standards as Plaintiff's services despite the fact that this is not true.

28. In addition to selling the infringing Stress Cube, Defendants have also begun offering the Spinner Cube for sale to consumers in the United States. *See* https://spinnercube.com/.

29. As seen below, the Spinner Cube is a confusingly similar product that copies many of the key elements of the Fidget Cube Trade Dress.

30. Specifically, the Spinner Cube shares many of the same elements of the unique, ornamental, and distinctive appearance of the Fidget Cube toys, which identifies to consumers that their source of origin is Antsy Labs.

## FIRST CAUSE OF ACTION

### Federal Unfair Competition (15 U.S.C. § 1125)

### (Against All Defendants)

31. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-30, inclusive, and incorporates them by this reference herein.

32. This is a claim by Antsy Labs against Defendants and each of them for trade dress infringement in violation of 15 U.S.C. § 1125.

33. The Fidget Cube Trade Dress is owned by Antsy Labs and has become associated with the Antsy Labs's brand.

34. Upon information and belief, Defendants have made, used, exported, imported, marketed, sold and/or offered for sale products, including but not limited to the Stress Cube and Spinner Cube, that infringe the Fidget Cube Trade Dress.

35. To any ordinary observer, and to customers and members of the industry, the "look" of the Stress Cube and Spinner Cube is confusingly similar to the Fidget Cube Trade Dress and, in particular, to the ornamental and distinctive "look" of the Antsy Labs Fidget Cube Toys.

36. Past, present and future use, distribution, sale and/or offer for sale by Defendants of products using the Fidget Cube Trade Dress, including but not limited to the Stress Cube and Spinner Cube, constitutes trade dress infringement under 15 U.S.C. § 1125(a).

37. Upon information and belief, Defendants have been aware of Plaintiff's Fidget Cube toy and the Fidget Cube Trade Dress, based not only upon Plaintiff's extensive and exclusive original sales of Fidget Cube toy, but also upon their own admissions and concessions, and their trade dress infringement has therefore been and continues to be willful and deliberate.

38. Antsy Labs has been damaged by willful trade dress infringement by Defendants in an amount to be determined at trial, including profits of Defendants and three times the amount of actual damages sustained by Antsy Labs, together with costs and reasonable attorneys' fees. Furthermore, by these acts, Defendants have irreparably injured Antsy Labs and caused Antsy Labs to suffer a substantial loss of goodwill and reputation, and such injury will continue unless they are enjoined by this Court.

39. By reason of the above actions, Antsy Labs is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§ 1116-1118, including preliminary and permanent injunctive relief against Defendants restraining further acts in violation of 15 U.S.C. § 1125.

## SECOND CAUSE OF ACTION
### State Unfair Competition (Bus. & Prof. Code § 17200)
### (Against All Defendants)

40. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-39 inclusive, and incorporates them by this reference herein.

41. By their actions as alleged above, Defendants' conduct constitutes unlawful, unfair, and/or fraudulent business practices of a type proscribed by Cal. Bus. & Prof. Code § 17200 et seq.

42. Defendants' wrongful conduct has caused Plaintiff to suffer a loss of money or property within the meaning of the statute.

43. Defendants' wrongful conduct has caused, and is causing, Plaintiff to suffer irreparable harm.

44. Plaintiff has no adequate remedy at law.

45. By reason of the above actions, Antsy Labs is entitled to preliminary and permanent injunctive relief against Defendants restraining further acts in violation of § 17200 et seq. of the California Business and Professions Code.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Claims 1-2 above, Plaintiff respectfully prays for judgment against Defendants as follows:

A. That Defendants be adjudged to have infringed Plaintiff's Fidget Cube Trade Dress in violation of 15 U.S.C. § 1125(a).

B. That Defendants' trade dress infringement be adjudged willful and deliberate.

C. That Defendants and their its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all

persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

    (1)    Selling the Stress Cube and Spinner Cube;

    (2)    Using Antsy Labs's Fidget Cube Trade Dress or any trade dress confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling products;

    (3)    Using photographs, illustrations, or other depictions of Antsy Labs's Fidget Cube Trade Dress or any trade dress design confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling products;

    (4)    Using any name, mark, designation, product configuration, trade dress, or other material for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling products that are likely to cause confusion, mistake or deception as to source relative to any of Antsy Labs's names, marks, designations, product configurations, or trade dress, including but not limited to Antsy Labs's Fidget Cube Trade Dress;

    (5)    Engaging in any conduct aimed at or likely to result in diverting business intended for Antsy Labs or injuring Antsy Labs's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception; and

    (6)    Unfairly competing with Antsy Labs.

D.    An order from this Court compelling each Defendant to mail notice letters at their own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, customers, and suppliers, informing them that each Defendant has committed trade dress infringement, and that Defendant has no affiliation, connection, or other business relationship with Plaintiff, and requesting that the

letter recipients return to Defendant for full credit or refund all of Defendants' products using the infringing design and/or trade dress.

      E.    An order from this Court commanding that each Defendant deliver to Plaintiff for destruction all advertising, products, products, labeling, packaging, sales literature, promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within their possession or control and which use or display the infringing design and trade dress.

      F.    An accounting for all profits of each Defendant derived by reason of the acts alleged in this Complaint.

      G.    An award of money damages suffered by Plaintiff in an amount to be ascertained, and the trebling thereof.

      H.    An order compelling each Defendant to disgorge the amounts by which it has been unjustly enriched by the acts alleged herein.

      I.    Judgment, relief, and requests as set forth in this Complaint.

      J.    Reasonable attorneys' fees, prejudgment interest, and costs of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

K. Such other, further, and different relief as the court deems proper under the circumstances.

Dated:  December 21, 2017   POLSINELLI LLP

By:   /s/TODD M. MALYNN

Todd M. Malynn (CA Bar No.181595)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310.556.1801
Facsimile:  310.556.1802
Email:  tmalynn@polsinelli.com

KEITH J. GRADY (pro hac to be filed)

100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone:  (314) 889-8000
Facsimile:  (314) 231-1776 Fax
Email:  kgrady@polsinelli.com
Attorneys for Antsy Labs LLC

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Antsy Labs LLC, hereby demand a trial by jury of all issues so triable.

Dated: December 20, 2017          By: /s/Todd M. Malynn
                                      Todd M. Malynn
                                      Polsinelli LLP
                                      Attorneys for Antsy Labs LLC